In the Matter of NANCY A. MARUK, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 5, 1992

## APPEARANCES OF COUNSEL

*Nancy A. Maruk,* respondent *pro se.*

*Gerard M. LaRusso (Daniel A. Drake* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent, Nancy Maruk, was admitted to the practice of law by the Appellate Division, Third Department, on January 28, 1986. In May 1991, the Grievance Committee of the Seventh Judicial District (Committee) filed a petition charging respondent with violating Code of Professional Responsibility

DR 1-102 (A) (4), engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; DR 2-106 (A), charging an illegal or excessive fee; DR 6-101 (A) (3), neglecting legal matters entrusted to her; former DR 9-102 (A), failing to deposit client funds in an identifiable trust account; former DR 9-102 (B), failing to pay funds due to a client; and 22 NYCRR former 1022.5 (a), commingling of funds. The charges against respondent arose out of her representation of seven clients between 1987 and 1990; she has denied the allegations of misconduct. On October 4, 1991, we referred this matter to a Referee. After a fact-finding hearing, in which respondent participated, the Referee found that respondent had violated the disciplinary rules as charged in the petition. We confirm those findings.

The record in this matter shows that respondent has consistently failed to adhere to her ethical obligations as an attorney. In five instances, she took on the representation of a client but failed to perform the services for which she was retained, in violation of DR 6-101 (A) (3). She has failed to maintain a proper trust account for client funds, and, in three instances, she used client funds for personal purposes, in violation of former DR 9-102 (A) and 22 NYCRR former 1022.5 (a). On one occasion, she refused to return client funds to the client, in violation of former DR 9-102 (B). On another occasion, she improperly collected a fee from a client whom she had been appointed to represent by this court, in violation of DR 2-106 (A). In addition, on numerous occasions, respondent gave false statements to clients and to the Committee concerning her services in the representation of those clients, in violation of DR 1-102 (A) (4).

Respondent's failure to meet her responsibilities as an attorney has been persistent and shows an inability to grasp the nature of her obligations. Indeed, throughout this proceeding, she has continued to deny any misconduct and has persisted in misrepresenting facts to the Committee. The charges against respondent are serious, the harm to her clients has been substantial, and there has been no indication that she has recognized her own misconduct or that she will be able to conform her activities to professional standards. Therefore, we conclude that respondent should be disbarred.

DENMAN, P. J., CALLAHAN, BALIO, FALLON and DOERR, JJ., concur.

Order of disbarment entered.