[670 NYS2d 644]

In the Matter of JOHN M. PANARA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 13, 1998

**APPEARANCES OF COUNSEL**

*Edward C. Cosgrove,* Buffalo, for respondent.
*Vincent L. Scarsella,* Buffalo, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1976, and maintains an office for the practice of law in Hamburg. Petitioner filed a petition charging respon-

dent with five counts of professional misconduct. The petition alleged that respondent commingled client funds with personal funds; converted client funds; intentionally charged clients amounts in excess of actual expenses and for fictitious expenses; represented parties with conflicting interests without obtaining the consent of the clients after full disclosure; and intentionally altered canceled checks requested by petitioner in an attempt to conceal his professional misconduct.

Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report sustaining the charges in the petition. Petitioner moves to confirm the findings of fact made by the Referee, and respondent cross-moves to disaffirm the findings that he engaged in deceitful or dishonest conduct.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-101 (A) (22 NYCRR 1200.20 [a])—accepting employment when the exercise of his professional judgment on behalf of the client will be or reasonably may be affected by his own financial, business, property or personal interests without obtaining the consent of the client after full disclosure;

DR 5-105 (A) (22 NYCRR 1200.24 [a])—accepting employment when it would be likely to involve him in representing differing interests without obtaining the consent of the client after full disclosure;

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—intentionally damaging a client during the course of the professional relationship;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (C) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client promptly of the receipt of funds in which the client has an interest; and

DR 9-102 (I) (22 NYCRR 1200.46 [i])—failing to maintain, keep and produce records relating to a special account.

The conduct of respondent in converting and commingling client funds, arranging the transfer to himself of a client's real property without obtaining the consent of the client after full disclosure, and submitting altered records to petitioner, along with his continued denial of any intentional wrongdoing, establishes a pattern of misrepresentation, dishonesty and deceit that renders him unfit to practice law (see, Matter of Hahn, 195 AD2d 105, appeal dismissed 83 NY2d 951; Matter of Maruk, 180 AD2d 239, lv denied 80 NY2d 760). Accordingly, respondent should be disbarred.

PINE, J. P., LAWTON, HAYES, WISNER and BALIO, JJ., concur.

Order of disbarment entered.