Matter of Panara (2019 NY Slip Op 09230)





Matter of Panara


2019 NY Slip Op 09230


Decided on December 20, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Dec. 20, 2019.)


&em;

[*1]MATTER OF JOHN M. PANARA, FOR REINSTATEMENT TO THE PRACTICE OF LAW IN THE STATE OF NEW YORK.



OPINION AND ORDER
Order entered granting application for reinstatement.
Per Curiam
Opinion: John M. Panara was admitted to the practice of law by this Court in 1976. By order entered March 13, 1998, this Court disbarred Panara for professional misconduct that included converting client funds, over-billing clients for disbursements related to real estate closings, and engaging in dishonesty and deceit during the investigation of the Grievance Committee (Matter of Panara, 241 AD2d 78 [4th Dept 1998]). In March 2019, Panara filed an application for reinstatement to the practice of law, wherein he expresses remorse for the misconduct and states that he has complied with the order of disbarment in all respects and that all funds owed to clients were repaid prior to the disbarment. Panara also states that, since the disbarment, he has operated a licensed home care assistance company in Florida and, together with his spouse, has managed numerous rental properties that they own in New York and Florida. Panara additionally submits letters of support from numerous individuals, including business associates, tenants of his rental properties, and other acquaintances, wherein they attest to his good character, honest business practices, and volunteer activities with certain charitable organizations for the benefit of those in need of housing and medical care. The Grievance Committee opposes the instant application primarily on the ground that Panara's prior misconduct violated fundamental ethical standards such that it would not be in the public interest to reinstate him to the practice of law. In September 2019, the parties appeared before this Court. During that appearance, Panara acknowledged his prior misconduct, expressed remorse, and stated that he is now a much different person than he was when he committed the misconduct almost 25 years ago inasmuch as he has since led a law-abiding life and demonstrated care and compassion for others. Panara also stated that, in the event that this Court reinstates him to the practice of law, he would practice law honorably and for the benefit of others.
A disbarred attorney may apply for reinstatement to the practice of law after the expiration of seven years from the entry of the order of disbarment and upon a showing, by clear and convincing evidence, that the applicant has complied with the order of disbarment and the rules of the Appellate Division governing the conduct of disbarred attorneys, that the applicant currently possesses the requisite character and fitness to practice law, and that it would be in the public interest to reinstate the applicant to the practice of law (see 22 NYCRR 1240.16 [a], [c] [2]; see generally Matter of West, 174 AD3d 85, 86-87 [4th Dept 2019]).
In this case, it is undisputed that Panara has complied with the order of disbarment and the rules of this Court governing disbarred attorneys. Although we agree with the Grievance Committee that the misconduct that led to Panara's disbarment violated certain fundamental ethical standards, the nature of Panara's prior misconduct does not substantially alter the primary focus of this Court on the instant application, which concerns whether Panara currently possesses the requisite character and fitness to practice law and whether it would be in the public interest to reinstate him (see 22 NYCRR 1240.16 [a]). We conclude that, since Panara was disbarred over 20 years ago, he has conducted himself in a manner that establishes his current fitness to practice law, including operating successful businesses with honesty and integrity and engaging in charitable activities that exhibit kindness and compassion for others. Accordingly, we grant Panara's application and reinstate him to the practice of law. We additionally direct that Panara complete, within 90 days and before he handles any client matter, 24 credit hours of continuing legal education in accordance with the terms of the order entered herewith.